## Fiore License

Before Hoban, P. J., Eagen and Robinson, JJ.

*David J. Conroy*, for appellant.

*Everett A. Rosser*, for Commonwealth.

HOBAN, P. J., May 8, 1953.—This is an appeal from the suspension of automobile operating license for violation of the speed regulations of The Vehicle Code. From the evidence we find the following facts:

1. At 8:35 p.m. on June 3, 1952, this appellant was driving his Cadillac car at the rate of 65 miles per hour on Route 11 just East of Bloomsburg.

2. He was timed at that rate for a period of two miles by a Pennsylvania State policeman, subsequently arrested and paid the prescribed fine and costs in summary proceedings.

3. At the point in question where defendant was driving the highway was three lanes in width, the weather was clear, the highway was dry, traffic was light and dusk was falling.

From the evidence we are obliged to find that defendant violated the speed regulations of The Vehicle Code and his license, therefore, was subject to suspension unless this court in its discretion is able to find circumstances which would justify sustaining this appeal.

Up to this point the case is a simple, uncomplicated case of speeding, with no intimation of driving in a reckless manner or in a manner dangerous to other users of the highway, except for the rate of speed itself. However, it further appears that appellant was arrested and convicted once before, either in 1946 or 1947, for a violation of the speed regulations of the code, his license was suspended and for business reasons at that time he was issued a so-called restricted license by the Secretary of Revenue. Other than that appellant seems to have a safe driving record.

In our opinion in Thomas License, 82 D. & C. 430, we discussed the various appellate court decisions authorizing judges of the courts of common pleas to apply judicial discretion in the matter of the suspension of automobile operating licenses, and in a number of cases thereafter where on a showing of simple, uncomplicated violations of the speed regulations by drivers who had hitherto records for safe driving and free from a history of violations of The Vehicle Code

we permitted the restoration of such licenses and sustained the appeals. In this case, however, we are faced with a driver who has a record of at least one previous violation and suspension and the issue of a restricted license. In our opinion we cannot carry the bounds of judicial discretion so far that we may excuse a repetition of a violation of The Vehicle Code and revoke the administrative penalty provided therefor.

Now, May 8, 1953, the appeal is dismissed.